■ CONCETTA FRAGALE v. NEIL DAPOLITO.— Motion to dismiss appeal granted, with $10 costs. Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK v. LOUIS ALVAREZ. (B) THE PEOPLE OF THE STATE OF NEW YORK v. MYER STEIN.— [In each action] Enlargement of time granted. Concur — Valente, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ IRVING F. KRAUSE, Appellant, v. EDITH K. KRAUSE, Respondent, et al., Defendant.— Judgment granting a separation to defendant on her counterclaim and providing for the setting up of a trust for the defendant, reversed, on the law, without costs to either party, and the case remanded to Special Term to make findings and conclusions on the defendant's cause of action for a separation and to enter judgment in accordance with said findings and conclusions and in accordance with the stipulation made in open court. It is clear that plaintiff-appellant consented to the terms of the stipulation and nothing contained therein is contrary to or offends public policy. The contention by plaintiff-appellant that the stipulation is invalid and unenforcible because it offends section 51 of the Domestic Relations Law is untenable. Under the circumstances of this case the provision made appears fair and equitable and not improvident. In effect the provision complained of measures and fixes the extent of the husband's contribution for support and permits the wife to live in a manner commensurate with their standard of living while the parties were together. The stipulation, therefore, is valid. However, examination of the trust indenture reveals that it goes beyond the stipulation. For example, the investment powers of the trustees as to the trust fund under the indenture seem much broader than that contemplated by the parties in the stipulation. Moreover, no findings of fact or conclusion of law were made to support the separation decree (Civ. Prac. Act, § 440). This should have been done. Plaintiff-appellant raises several other questions on this appeal which need not be considered at length in view of our aforementioned disposition herein. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.

■ (A) In the Matter of the Arbitration between JOE FRIED, INC. and J. M. ROSE & CO., INC. (B) NORBERT ROESLER et al., as Trustees v. H. CHRISTIAN SONNE. (C) SOUTH RIDGE CORPORATION v. AMSINCK SONNE CORPORATION et al.— Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ. (D) IVAN LEVCZUK v. BABCOCK & WILCOX COMPANY et al.— Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ. (E) THOMAS B. GALATI, an Infant, v. ROMAN CATHOLIC CHURCH OF OUR LADY QUEEN OF ANGELS et al.— Concur — Botein, P. J., Rabin, Valente, McNally and Eager, JJ. [In each action.] Motion for leave to appeal to the Court of Appeals denied, with $10 costs.